UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-10012-JES-JEH |
| ) | |
| KENIN EDWARDS, ) | |
|     Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant's Motion (Doc. 39) to Suppress Physical, Digital, and Documentary Evidence and Its Fruit. The United States filed its Response (Doc. 42) and the Defendant filed his Reply (Doc. 43). As the parties agree on the facts underlying the motion, the Court finds that there is no need for an evidentiary hearing.[1] For the following reasons, the Defendant's Motion (Doc. 39) to Suppress is DENIED.

### Background

On May 8, 2019, Illinois Department of Revenue Agent Terri Jacobs ("Agent Jacobs" or "Jacobs") obtained a search warrant from Tazewell County Circuit Judge Kirk Schoenbein to find evidence of suspected tax fraud. The warrant authorized the search of Defendant Kenin Edwards' ("Edwards") residence in Pekin, Illinois, and a 2011 Ford pickup truck. The warrant was executed on May 9, 2019, and a number of items were seized. Subsequently, inventories of all seized items were prepared. Edwards requested the return of certain documents seized. On July 25, 2019, the requested documents were copied and the originals were returned to Edwards.

The Illinois Department of Revenue's investigation was in coordination with the federal Internal Revenue Service and other agencies. On October 20, 2020, Agent Jacobs transferred all

---

[1] A district court need only hold an evidentiary hearing "when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007). As demonstrated in their briefs and confirmed by counsel for the United States and the Defendant at a April 24, 2023 status hearing, the parties agree on the operative facts for this motion.

or a significant portion of the items seized from Edwards' home to the United States Attorney's Office in Peoria for use in Edwards' federal prosecution. It is undisputed that she did not seek authorization from the Tazewell County court before doing so and that this violates provisions of the Illinois Code of Criminal Procedure governing the disposition of things seized pursuant to an Illinois search warrant.

On March 16, 2021, Edwards was indicted by a federal grand jury on four counts of mail fraud in violation of 18 USC §1341, three counts of wire fraud in violation of 18 USC §1343, and seven counts of filing a false federal tax return in violation of 26 USC §7206(1). The United States intends to introduce some portion of the items seized pursuant to the Tazewell County warrant and transferred to the United States as evidence in Edwards forthcoming trial on these charges.

## Relevant Statutory Provisions

The Defendant contends that Agent Jacobs' transfer of the evidence violated three sections of the Illinois Code of Criminal Procedure. The first such section, 725 ILCS 5/108-2, states as follows:

> **Custody and Disposition of Things Seized**. An inventory of all instruments, articles or things seized on a search without warrant shall be given to the person arrested and a copy thereof delivered to the judge before whom the person arrested is taken, and thereafter, such instruments, articles or things shall be handled and disposed of in accordance with Sections 108-11 and 108-12 of this Code. <u>If the person arrested is released without a charge being</u>

<u>preferred against him all instruments, articles or things seized, other than contraband, shall be returned to him upon release.</u>

725 ILCS 5/108-2 (West 2020) (emphasis added). The second section of Illinois criminal procedure at issue is 725 ILCS 5/108-10, which states as follows:

> **Return to Court of Things Seized.** A return of all instruments, articles or things seized shall be made without unnecessary delay before the judge issuing the warrant or before any judge named in the warrant or before any court of competent jurisdiction. An inventory of any instruments, articles or things seized shall be filed with the return and signed under oath by the officer or person executing the warrant. The judge shall upon request deliver a copy of the inventory to the person from whom or from whose premises the instruments, articles or things were taken and to the applicant for the warrant.

725 ILCS 5/108-10 (West 2020) (emphasis added). The third section at issue is 725 ILCS 5/108-11, which states as follows:

> **Disposition of things seized.** The court before which the instruments, articles or things are returned shall enter an order providing for their custody pending further proceedings.

725 ILCS 5/108-11 (West 2020) (emphasis added).

## Discussion

For the purposes of this motion, Edwards does not contest the validity of the Tazewell County warrant nor the resulting search. Rather, he argues that Agent Jacobs was required under

3

Illinois criminal procedure to seek an order of the Tazewell County court that authorized the warrant before transferring the seized items to the United States' Attorney's Office. Edwards contends that this violation of Illinois criminal procedure requires that the transferred evidence be suppressed. As this outcome is foreclosed by traditional Fourth Amendment doctrine, Edwards raises a novel theory that this procedural irregularity makes the transfer from Illinois to the United States a second & unlawful seizure of the evidence that warrants Fourth Amendment's exclusionary rule. We consider each argument and find neither supports the suppression of evidence in this matter.

Fourth Amendment Analysis

We begin by addressing the issue before us under settled Fourth Amendment law. In a federal criminal proceeding, our Fourth Amendment inquiry is governed by federal law, not state law. *Elkins v. U.S.*, 364 U.S. 206, 224 (1960). The Fourth Amendment warrants clause requires that warrants be supported by probable cause, specifically identify the places to be searched and the items to be seized, and be issued by a neutral and detached magistrate. *Dalia v. United States*, 441 U.S. 238, 255 (1979). The exclusionary rule arises under the Fourth Amendment, not state law. *U.S. v. Wright*, 16 F.3d 1429, 1434 (6th Cir. 1994). The Seventh Circuit has held for decades that "federal standards control the admissibility of evidence in a federal prosecution even though the evidence was seized by state officials and would not be admissible in state court." *U.S. v. Quintanilla*, 218 F.3d 674, 678-79 (7th Cir. 2000) (holding that evidence was admissible in federal criminal trial despite violation of Illinois law limiting no-knock warrants that would have required suppression in state court) (quoting *U.S. v. Singer*, 943 F.2d 758, 761 (7th Cir. 1991)).

The United States asks us to adopt the analysis of the Sixth Circuit in *U.S. v. Beals*, 698 F.3d 248 (6th Cir. 2012). In *Beals*, a state law enforcement officer obtained a search warrant from a Tennessee magistrate. *Id.* at 262. Tennessee Rule of Criminal Procedure 41(d) requires the issuing magistrate to prepare an original and two exact copies of the warrant and to sign all three. Failure to comply with this requirement requires suppression of the evidence seized in any state prosecution. *Id.* at 263 (citing *State v. Steele*, 894 S.W.2d 318, 319 (Tenn. Crim. App. 1994)). The issuing magistrate in *Beals* failed to comply with this requirement as he only signed one copy of the warrant. *Id.* The Sixth Circuit held that because "the exclusionary rule emanates from the Fourth Amendment, not state law" that the fruits of the search warrant were admissible in a federal criminal proceeding. *Id.* This was consistent with the Eight Circuit's holding that "in determining whether evidence obtained solely by state officers is admissible in federal court in the first instance, it is usually irrelevant whether a state rule of criminal procedure was violated." *U.S. v. Maholy*, 1 F.3d 718, 721 (8th Cir. 1993); *see also Virginia v. Moore*, 553 U.S. 164, 178 (2008) ("it is not the province of the Fourth Amendment to enforce state law"). By analogy here, Agent Jacobs failure to comply with Illinois's criminal procedure rule requiring an order from the state court transferring the seized items is solely a violation of Illinois criminal procedure and not the Fourth Amendment.[2] We agree that this is the appropriate framework and that therefore Edwards motion to suppress fails to state a violation of the Fourth Amendment that can justify the application of the exclusionary rule.

---

[2] Notably unlike the Tennessee rule at issue in *Beals*, Illinois does not require suppression for violation of the procedural rule at issue. *See People v. Guston*, 338 Ill. 52, 55 (1929); *People v. York*, 193 N.E.2d 773, 776 (Ill. 1963) ("failure to comply with statutory requirements concerning the steps to be taken after the warrant has been served does not render the search warrant void."); *People v. Curry*, 306 N.E.2d 292, 297 ("[F]ailure ot follow the requisite statutory provisions relating to procedures to be followed after a search warrant has been served does not necessitate invalidation of the search warrant or search conducted pursuant thereto.") Illinois law requires that a substantial right of the defendant be violated before quashing a warrant and suppressing evidence. 725 ILCS 5/108-14. Edwards has failed to identify such a violation caused by the initial search or its subsequent transfer, so the evidence in question would even be admissible in an Illinois state court.

In reply, Edwards relies on three cases that are decades old and none of which are persuasive. Edwards directs us to two decisions of the Fifth Circuit. In *Navarro v. United States*, 400 F.2d 315 (5th Cir. 1968), the Fifth Circuit held that a search jointly conducted by state and federal agents was a federal search and must comply with the provisions of Federal Rule of Criminal Procedure 41. *Id.* at 318-19. As the state court that issued the warrant in *Navarro* was not a 'court of record' as required by Rule 41, but not Texas law, the *Navarro* court held that the searched violated the Fourth Amendment and the evidence seized must be suppressed in Navarro's federal criminal trial.

*Navarro*, however, has not been good law in the Fifth Circuit for four decades. *See U.S. v. Comstock*, 805 F.2d 1194 (5th Cir. 1986)[3]. The Fifth Circuit recognized in *Comstock* that the automatic suppression under *Navarro* was irreconcilable with the Supreme Court's decisions in *U.S. v. Leon*, 468 U.S. 897 (1984) and *Massachusetts v. Sheppard*, 468 U.S. 981 (1984) and therefore overruled *Navarro*. *Comstock*, 805 F.2d at 1206-7. *Comstock* held that suppression for Rule 41 violations could only be justified by a showing of "prejudice to substantive rights." *Id.* at 1210. Edwards argues that he was prejudiced here because he has been without hundreds of personal papers for four years; can only see his records and correspondence at his attorney's office, and had to file his tax returns in 2019 without records for part of the year, and has lost the assurance that the Tazewell County judge will fulfill his duty to return, destroy, or otherwise dispose of Edwards personal property. Without making light of the difficulty of having one's

---

[3] The Court notes that of the three cases cited by Edwards, he fails to disclose that first was overruled by the second.

records seized and facing a criminal proceeding, these are not the kinds of prejudices that the court in *Comstock* and others were concerned about.[4]

Finally, Edwards directs us to the reasoning in *United States v. $4,171.00 in U.S. Currency*, 200 F.Supp. 28 (N.D. Ill. 1961). The key holding of this case is that the Fourth Amendment exclusionary rule should apply in civil forfeiture proceeding. *Id.* at 32-33. To the extent that it's reasoning goes further than this in support of Edwards position, it is foreclosed by the Seventh Circuit and Supreme Court cases discussed above.

Under the well-settled Seventh Circuit precedent, federal law governs this inquiry and Edwards has failed to show that any violation of the Fourth Amendment caused by the search and seizure of his records. Therefore, his motion to suppress is denied.

### Edwards Alternative Fourth Amendment Argument

Implied in his original motion and made clear in his reply, Edwards makes an alternative argument that the Court now addresses. Edwards argues that a transfer of seized property between a state and the federal government is a second seizure by the federal government, independent of the first seizure that occurred when the search warrant was executed, and this second seizure must comply with the Fourth Amendment. Because the State of Illinois failed to follow its own procedural rules during the transfer, Edwards argues this second seizure is unlawful and the Fourth Amendment's exclusionary rule requires suppression. Edwards provides no legal basis for this framework beyond citing the broad language the Court used in *Mapp v. Ohio*, 367 U.S. 643 (1961). As discussed above, this expansive approach to the exclusionary rule has been significantly limited by the Supreme Court for over four decades. *See Leon*, 468 U.S. at 907-8; *see also Hudson v. Michigan*, 547 U.S. 586, 591 (2006) (suppression of evidence is "last

---

[4] *See e.g. U.S. v. Stefanson*, 648 F.2d 1231, 1235 (9th Cir. 1981) (requiring suppression for Rule 41 violation only where "there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed...").

7

resort, not [the] first impulse" and must be justified by weighing societal harm of suppressing evidence against deterrence of unlawful police conduct).

While the precise argument raised by Edwards appears to be novel, the Court finds it to be incompatible with general Fourth Amendment principles. There are two other contexts in which courts have considered the government's use of evidence that was originally obtained by a private or separate sovereign actor. In both of these contexts, the Fourth Amendment inquiry is focused on the initial search and seizure by the private/sovereign actor, not on the manner in which the government subsequently received the fruits thereof.[5] If the transfer from a private actor or a foreign government is not analyzed as a new seizure, it would be strange to treat transfers from a state to the federal government as one.

Taking these cases as a whole, the Fourth Amendment inquiry seems principally focused on the initial intrusion on an individual's privacy and property rights. We are not convinced that the simple transfer of property from a state sovereign to the federal sovereign should be viewed as a second seizure which must comply with the Fourth Amendment. Ultimately, the touchstone

---

[5] The private search doctrine is summarized in *U.S. v.* Bebris, 4 F.4th 551, 560 (7th Cir. 2021) (the Fourth Amendment is "wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government with the participation or knowledge of any governmental official.") (quoting *U.S. v. Jacobsen*, 466 U.S. 109, 113-14 (1984)). The Fourth Amendment is only implicated in these contexts "if the authorities use information with respect to which the expectation of privacy has not already been frustrated." *Jacobsen*, 466 U.S. at 113-14. "In other words, authorities typically may repeat a private search but may not expand on it." *Bebris*, 4 F.4th at 560 (quoting *U.S. v. Ringland*, 966 F.3d 731, 736 (8th Cir. 2020)).

For searches conducted by foreign authorities, "fourth amendment principles do not apply to searches by foreign authorities in their own countries, even if the targets of the search are American." *U.S. v. Peterson*, 812 F.2d 486, 490 (9th Cir. 1987); *see also U.S. v. Stokes*, 710 F.Supp.2d 689, 697 (N.D. Ill. 2009). The Fourth Amendment applies to these searches only if there is substantial participation by U.S. agents such that the search is effectively a joint venture of the United States and the foreign government. *Id.* In both *Stokes* and *Peterson*, the courts determined that they needed to first decide if this exception was met before moving on to the underlying Fourth Amendment questions. If the argument put forth by Edwards is correct, then that would be unnecessary because the Fourth Amendment would have been implicated as soon as the foreign agents transferred the seized evidence or the fruits of the search to U.S. actors.

of the Fourth Amendment is reasonableness. *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). In this case, Agent Jacobs transferred evidence lawfully obtained by the Illinois Department of Revenue to the United State's Attorney's Office in Peoria so that Edwards could be charged federally for tax fraud. This was done for the ease of both the United States and Edwards himself, who otherwise would have needed to travel to Springfield to obtain the evidence in the case against him. This arrangement serves the interests of justice by aiding and improving the discovery process and trial preparation for both parties. We are convinced that the mere violation to obtain a state order authorizing the transfer does not render it unreasonable.

As the novel Fourth Amendment theory proposed by Edwards is unreasonable and would create conflicts with other areas of Fourth Amendment jurisprudence, we reject it and deny Edwards motion on this alternative ground.

## Conclusion

Any failure by Agent Jacobs to comply with Illinois criminal procedure was, if anything, a forfeiture. Edwards remedy was to contest the issue as an improper forfeiture, not move to suppress it as evidence against him in this criminal proceeding. Because the exclusionary rule is a result of the Fourth Amendment and there is no Fourth Amendment violation at issue, Edwards Motion (Doc. 39) to Suppress Physical, Digital, and Documentary Evidence and its "Fruit" is DENIED.

Signed on this 1st day of May, 2023,

s/James E. Shadid<br>
James E. Shadid<br>
United States District Judge