UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-10012-JES-JEH |
| ) | |
| KENIN EDWARDS, ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is before the Court on the United States' Motion (Doc. 52) to Disqualify Counsel and the Defendant's Response (Doc. 53). This parties addressed this matter and presented evidence and argument in a hearing on May 30, 2023. For the following reasons, the Motion is granted.

### Background

On March 16, 2021, Defendant Kenin Edwards ("Defendant" or " Mr. Edwards") was charged by indictment with four counts of mail fraud, three counts of wire fraud, and seven count of making and subscribing a false tax return. Doc. 1. Mr. Edwards retained Attorneys Robert Hanauer and Anthony Cameron as private counsel for the first two years of the case before discharging them on May 1, 2023, two weeks of the then-scheduled May 15 trial in this case.

On May 2, 2023, the Court held a hearing on the motion to withdraw. The United States indicated that it objected to the motion on the grounds that trial was less than two weeks away and would need to be postponed if Mr. Edwards were to retain new counsel. The Court engaged in a colloquy with Mr. Edwards in camera to determine the basis for his decision to discharge his counsel and Mr. Edwards stated that there were certain discovery motions that he wanted his attorneys to file that they refused to do. Attorneys Hanauer and Cameron told the Court and the United States that they did not believe those motions were supported by a good faith basis and so

could not file them. Mr. Edwards indicated that he wished to retain Attorney William Anderson ("Attorney Anderson") as new counsel and was in the process of doing so. The Court vacated the May 15 trial setting and gave Mr. Edwards 21 days to retain new counsel.

On May 22, 2023, Attorney Anderson entered his appearance on Mr. Edwards behalf. The United States filed a Motion (Doc. 52) to Disqualify Attorney Anderson on May 25, 2023 on the grounds that he had previously represented a key witness for the government, Jonathan Luckett ("Mr. Luckett"), and that he had further been listed as a fact witness by the Defendant on his April 27 pretrial witness list. The Court discussed the motion with the parties at the May 25, 2023, status hearing. At that hearing, Attorney Daniel Noll, who represents Mr. Luckett, appeared and stated in open court that his client did not waive the conflict of interest posed by Attorney Anderson's representation of the Defendant in this case. The Court granted Attorney Anderson's request to file a response and held a hearing on the motion on May 30, 2023.

**Discussion**

The Sixth Amendment guarantees a criminal defendant the right to counsel and, within limits, the right to counsel of defendant's own choosing. *Wheat v. United States*, 486 U.S. 153, 158-59 (1988). The presumption in favor of a criminal defendant's counsel of choice "may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential conflict." *Id.* at 164. A defendant's right to choose his own counsel "may be outweighed if [his] chosen counsel has a potential conflict of interest as the result of his prior representation of other defendants or government witnesses." *U.S. v. Clark*, 333 F. Supp. 2d 789, 792 (E.D. Wis. 2004). "District courts have been given broad discretion to fashion remedies to avoid conflicts of interest." *United States v. Messino*, 181 F.3d 826, 830 (7th Cir. 1999) (citing Fed. R. Crim. P. 44[c]; *Wheat*, 486 U.S. at 163).

Evidentiary and Procedural Prerequisites

As an initial matter, the Court addresses Defendant's argument that the Government cannot raise the conflict of interest on Mr. Luckett's behalf. Defendant argues therefore that the United States should be required to have Mr. Luckett submit an affidavit in support of their motion or have him file a motion to intervene and join the United States' motion to disqualify him. If Mr. Luckett submitted an affidavit, Defendant requested that this Court hold an evidentiary hearing at which, presumably, Attorney Anderson and Mr. Luckett would be called as witnesses and subject to cross-examination.

The attorney-client privilege is held by the client, and the government ordinarily lacks standing to raise it on behalf of a government witness. *U.S. v. Smith*, 454 F.3d 707, 713 (7th Cir. 2006) (collecting cases). However, it is not improper for the Government to bring the issue to the Court's attention as it is "the duty of every lawyer to bring to the attention of the trial court possible ethical problems in the case." *U.S. v. White*, 743 F.2d 488, 494 (7th Cir. 1984). Mr. Luckett has indicated through Attorney Noll, his retained counsel, that he believes Attorney Anderson has a conflict of interest in this case and that Mr. Luckett refuses to waive that conflict. An attorney is competent to raise the privilege on his client's behalf. *Wade v. Stigdon*, 506 F.Supp.3d 582, 590 (S.D. Ind. 2020). Attorney Noll stated that Mr. Luckett does not waive the conflict in open court on May 25, 2023, and in a May 28 written letter to the Government that was provided to the Court on May 30, 2023.

Defendant argues that this is insufficient to raise the privilege issue and that the Court cannot reach the merits of this issue without an affidavit by Luckett. Defendant does not identify any authority specifically requiring that a witness supply an affidavit or formally intervene and join the Government's motion before disqualification is permissible, and the cases cited by the

parties suggest the opposite conclusion. In *O'Malley*, the government's motion to disqualify counsel was accompanied by an affidavit from the government witness who was asserting the attorney-client privilege. *U.S. v. O'Malley*, 876 F.2d 786, 792 (7th Cir. 1986). The Court rejected the defendant's argument that this was insufficient as the witness should be required to formally join the government's motion. *Id.* The Court held that "the affidavit alone makes it clear that [the witness] viewed the risk of an intrusion upon his attorney-client privilege as substantial, which was the true focus of the inquiry…" *Id.* The Court further held that the Court was not required to hold an evidentiary hearing in all cases, and in particular when it is clear from the nature and duration of the attorney-client relationship that the attorney likely possesses confidential information. *Id.* at 793.

In this case, it is clear that Mr. Luckett believes that Attorney Anderson has a substantial conflict of interest and he supports the United States' motion to disqualify Attorney Anderson on that basis. Mr. Luckett's retained counsel has stated on the record in open court and in writing that this is the case; it is not necessary for him to do so through a further affidavit. Attorney Noll is an officer of the court and the Court accepts his representations on behalf of his client as set out in his statements in court and in his letter.

Existence of a Conflict and the Balance of Interests

The Court now turns to the questions of whether an actual or potential conflict of interest exists and, if so, whether the balance of interests requires disqualifying Attorney Anderson. "[D]isqualification of defense counsel should be a measure of last resort, and the government bears a heavy burden of establishing that disqualification is justified." *U.S. v. Gearhart*, 576 F.3d 459, 464 (7th Cir. 2009). The Court must evaluate and weigh "the interests of the defendant, the government, the witness and the public in view of the circumstances of each particular case."

*O'Malley*, 786 F.2d at 790. Upon hearing the evidence and argument presented, the Court finds that disqualification is appropriate for the following reasons.

First, Attorney Anderson has a serious conflict of interest in this case due to his prior representation of the Government's witness, Jonathan Luckett. Attorney Anderson represented Mr. Luckett in a state court criminal case in Schuyler County from March 2016 to November 2017. Mr. Luckett faced offenses related to the unlawful cutting of timber, failure to properly account to the Illinois Department of Natural Resources, and failure to file required reports of fees. During this year and half representation, the Government and Mr. Luckett's counsel Mr. Noll have informed the court that Attorney Anderson learned sensitive information about Mr. Luckett's timber business. This case also resulted in a felony criminal conviction for Mr. Luckett, though the conviction occurred after Mr. Luckett discharged Attorney Anderson and retained Attorney Noll. The Government indicates that Mr. Luckett's timber business was a key source for the allegedly unreported income that formed the basis of the allegedly fraudulent tax returns Mr. Edwards is charged with in this case. Attorney Anderson's representation of Mr. Edwards will require him to cross-examine Mr. Luckett and that cross-examination will necessarily involve Mr. Luckett's credibility and the details of his timber business, subjects which Attorney Anderson has privileged information on due to his prior representation of Mr. Luckett. While Mr. Edwards has indicated that he is willing to waive this conflict, Mr. Noll has informed the Court that Mr. Luckett is not willing to waive the conflict.

Attorney Anderson submitted an affidavit along with his response to the government's motion that addresses his representation of Mr. Luckett. Doc. 53. In it, he states that although he represented Mr. Luckett, it was joined with is representation of Mr. Edwards and he spent only a few hours out of 100+ hours billed with Mr. Luckett. He claims that he recalls no confidential

information given to him by Mr. Luckett during this time and that Mr. Luckett never admitted to any wrongdoing or criminal act nor gave him any sensitive information about his timber business. The Court does not feel that this is adequate. Even if the representation was joint and he had a limited interaction with Mr. Luckett, it concerned the same core subjects that Attorney Anderson will have to cross-examine Mr. Luckett on at trial- his timber business and his character for truthfulness. Even if Attorney Anderson does not in fact recall any confidential information at this time, his memory could easily be jogged while reviewing discovery in preparation for trial or by Mr. Luckett's testimony at trial. Most importantly, Mr. Luckett, the person the privilege is designed to protect, believes that he does have confidential information about Mr. Luckett. This is more than enough to establish both actual and potential conflicts of interest

      This conflict of interest weighs heavily in favor of disqualifying Attorney Anderson in this case. Allowing Attorney Anderson to represent Mr. Edwards would weigh against Mr. Luckett's interests as a witness, as well as the Government and public's interest in the fair administration of justice. This is sufficient to overcome Mr. Edwards interest in retaining his own counsel, especially given that the choice to retain Attorney Anderson was made two years after the indictment in this case and on the eve of trial and solely on the grounds that Mr. Edwards prior counsel refused to file discovery motions that they believed had no good faith basis. And while the Court has the discretion to consider alternative remedies to resolve the conflict, such as limiting the scope of cross-examination,[1] those remedies are inadequate in this case given Mr. Luckett's important role in the Government's case and the inextricable overlap

---

[1] *See U.S. v. Smith*, 454 F,3d at 714 (trial court has discretion to limit the scope of cross-examination to preserve attorney-client privilege).

between his testimony and the grounds for Attorney Anderson's conflict of interest. As such, the Court grants the Government's motion to disqualify Attorney Anderson.

## Conclusion

For the foregoing reasons, the United States Motion (Doc. 52) to Disqualify Counsel is GRANTED.

Signed on this 1st day of June, 2023,

                                                  s/James E. Shadid
                                                  James E. Shadid
                                                  United States District Judge